## EPPING *vs.* AIKEN.

1. Where, pending a bill in equity to collect an ind ;btedness, the defendants removed out of the state and were proceeding to remove all of their property, an attachment would lie in favor of the complainant; but equity having jurisdiction of the claim and the parties, full relief could be granted by it by injunction and receiver, in the nature of an equitable attachment.

(*a.*) A demurrer, because of the existence of a common law remedy, should be filed at the first term.

2. Where, after the grant of an injunction and the appointment of a receiver under a supplemental bill, one of the defendants dissolved and vacated the order by giving the bond required, and made no further motion for six years and until a decree was had on the original bill, he could not then demur to the supplemental bill, and move to vacate the order granted thereunder.

January 8, 1884.

Attachment   Demurrer.   Equity.   *Laches.*   Before Judge ADAMS.   McIntosh Superior Court.   May Term, 1883.

To the report contained in the decision, it is only necessary to add the following: The original bill in this case was filed by Aiken against Epping, Bellas & Company and Staples, for an account and settlement of certain partnership transactions, and to recover an amount alleged to be due to him by them.   This was filed in 1875, and Epping was served.   In 1877, a supplemental bill in aid of the original was filed, alleging non-residence of parties and threatened removal of property.   Under this, an injunction was granted and a receiver appointed.   The order was dissolved by the giving of bond, as stated in the decision.   In 1883, Epping filed a demurrer and also a motion to dismiss the bill and vacate the judgment.   They were overruled, and he excepted.

W. S. BASINGER, for plaintiff in error.

LESTER & RAVENEL; W. R. GIGNILLIAT, for defendant.

JACKSON, Chief Justice.

Pending a bill filed by Aiken against Epping and his two partners, one only of whom appeared and answered, there having been service only on Epping, the complainant, Aiken, brought another bill, in the nature of a supplemental bill, against the same defendants, stating the pendency of the first bill, the indebtedness, the fact that all the defendants had ceased to reside in this state; that all of the property left by them in this state consisted of certain office furniture, and a steam-tug, called the Starlight, then at the wharf at Brunswick, that defendants were causing the removal of this property beyond the state, and if removed, then that any judgment or decree he would obtain in his said bill would be worthless. The bill concluded with a prayer for a receiver and injunction against removing the property or interference therewith.

This supplemental bill was filed in 1877, and the original bill in 1875. The judge, on the day the bill was filed, granted the injunction and appointed the receiver, with leave to defendant to move to dissolve within five days, or at his option, Epping alone being served, to dissolve without motion, by giving bond with good security in the sum of $4,000, for the payment of any decree which might be rendered under the original bill. On the next day after the bill was filed, Epping dissolved the injunction and vacated the order for a receiver by giving the bond.

Afterward, on Feb. 19, 1883, Epping demurred to the bill for want of jurisdiction and equity, and filed a motion to dismiss the bill and vacate the order and bond, on the grounds that the court had no jurisdiction to grant the relief prayed for, that there was no equity in the bill, and that the order and bond were without authority, illegal and void. The demurrer was overruled, the motions to dismiss the bill and to vacate the order were denied, and on these error is assigned here.

1. The complainant could have attached the property

and secured whatever decree he could obtain on the original bill, at law; but a court of equity having jurisdiction of the claim and the parties, would not force a party out of its court to seek a remedy elsewhere.    Therefore, it attached the property itself.   The supplemental bill was good, being in the nature of a *pendente lite* equitable attachment in a cause already pending in equity    The demurrer was too late to rely on the remedy by attachment at law.    Such a demurrer must be filed at the first term, so that the party might not be delayed in going to law.

2. The defendant, at his own option. gave the bond, got his property released, rested on his oars for six years, and took no steps to move until after the decree was had in the original bill.   He is estopped.   He cannot put the party complainant back *in statu quo*.   His *laches* should shut equity against him, if nothing else.   But his own volition—his consent—binds him.   "*Consensus tollit errorem.*"   Even if originally wrong, the consent sanctifies the error of the judge.   Really, however, the bill appears to us all right, as supplemental and ancillary to one pending; and equity, averse to a multiplicity of suits and courts, will render full relief where it has jurisdiction.   It had it in the original case, and has decreed relief, and that decree has just been affirmed.   This judgment must also be affirmed, and the bond, voluntarily given, be held valid to secure the debt.

Judgment affirmed.